IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-10467
Summary Calendar

CHARLOTTE NICHOLS,

Plaintiff–Appellant,

V.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:05-CV-81

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Charlotte Nichols (Nichols) applied for Social Security benefits. The Commissioner of Social Security (Commissioner) denied her request because he determined, through an Administrative Law Judge (ALJ), that she was not disabled and was able to perform jobs that exist in a significant number in the national and Texas economies. She appealed to the district court, which affirmed the ALJ. She timely appealed. Our review is governed by 42 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 405(g); we are to determine whether the Commissioner applied the correct legal standard and whether the Commissioner's decision is supported by substantial evidence.[1]

Nichols first argues that the ALJ's decision was not based on substantial evidence because it did not give sufficient weight to certain statements in the reports of Drs. Trimble and Sabater. But the ALJ reviewed the entire record, including other statements in the reports from those doctors, reports from other doctors and experts, and Nichols's own admissions. The ALJ need not give the treating physician's legal conclusions—such as statements that the claimant is "disabled" or "unable to work"—any special weight or significance.[2] We hold that there was substantial evidence supporting the ALJ's determination.

Nichols also argues that the jobs the ALJ determined she could perform conflict with the limitations the ALJ himself determined that Nichols had. Specifically, Nichols argues that her limitation to jobs requiring "no more than superficial contact with the public" prevents her from performing the jobs of small products assembler, motel cleaner, or storage facility rental clerk. Nichols does not cite any authority demonstrating that those jobs require more than "superficial contact with the public" within the meaning of her limitations. The Commissioner concedes the job of storage facility rental clerk requires interaction with the public, but argues that the other two jobs do not. The ALJ relied upon the testimony of the vocational expert that Nichols was capable of performing the limited interaction with co-workers, supervisors, and the public required for the jobs of small products assembler or motel cleaner. The ALJ was entitled to rely upon the vocational expert's knowledge of job requirements.[3] We

---

[1] Waters v. Barnhart, 276 F.3d 716, 718 (5th Cir 2002) (citations omitted).

[2] Frank v. Barnhart, 326 F.3d 618, 620 (5th Cir. 2003) (citations omitted).

[3] See Carey v. Apfel, 230 F.3d 131, 146 (5th Cir. 2000).

hold that the ALJ's decision that Nichols could perform the jobs of small products assembler or motel cleaner was supported by substantial evidence.

For these reasons, the judgment of the district court is AFFIRMED.